## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

RYAN HUFF

Plaintiff,

v.                                              Case No.:  3:18-cv-1338-MCR-EMT

CORIZON, LLC, a health services
Corporation, DANIEL CHERRY, D.O.,
CHRISTINE NOBLES, R.N., ALLEN
HO, M.D.

Defendants.

_____/

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
### CORIZON LLC, DANIEL CHERRY, D.O.,
### CHRISTINE NOBLES, R.N. AND ALLEN HO, M.D.

Defendants Corizon, LLC, Daniel Cherry, D.O., Christine Nobles, R.N., and

Allen Ho, M.D. by and through undersigned counsel, respond to the following

Complaint and Demand for Jury Trial of Plaintiff as follows:

### Jurisdiction

1.      Admitted for jurisdictional purposes only.

2.      Admitted for jurisdictional purposes only.

3.      Admitted for jurisdictional purposes only.

### Parties

4.     Admitted.

5.     Admitted that Corizon Health, Inc. is a Tennessee Corporation

contracted with the Florida Department of Corrections to provide

medical treatment to inmates, otherwise denied.

6.     Admitted that DANIEL CHERRY, D.O. was employed by Corizon

Health Inc., otherwise denied.

7.     Admitted that CHRSTINE NOBLES, R.N. was employed by Corizon

Health Inc., otherwise denied.

8.     Admitted that ALLEN HO, M.D. was employed by Corizon Health

Inc., otherwise denied.

## Common Allegations of Fact

9.     Without knowledge, therefore denied.

10.    Without knowledge, therefore denied.

11.    Mr. Huff's medical conditions and treatment he was provided will be

documented in his medical records and Defendant's deny any

allegations to the extent they conflict with his medical records. The

remaining allegations are denied.

12.    Mr. Huff's medical conditions and treatment he was provided will be

documented in his medical records and Defendant's deny any

allegations to the extent they conflict with his medical records. The remaining allegations are denied.

13. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

14. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

15. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

16. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

17. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any

allegations to the extent they conflict with his medical records. The remaining allegations are denied.

18. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

19. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

20. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

21. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

22. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any

allegations to the extent they conflict with his medical records. The remaining allegations are denied.

23. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

24. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

25. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted.

32. Admitted.

33. Denied.

34. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

35. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

36. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

37. Denied.

38. Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

39.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

40.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

41.    Denied.

42.    Without knowledge, therefore denied.

43    Without knowledge, therefore denied.

44.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

50.   Without knowledge, therefore denied.

51.   Without knowledge, therefore denied.

52.   Without knowledge, therefore denied.

53.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

54.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

55.   Without knowledge, therefore denied.

56.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

57.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

58.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

59.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

60.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

61.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

62.     Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

63.     Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

64.     Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

65.     Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

66.     Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

67.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

68.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

69.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

70.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

71.    Without knowledge, therefore denied.

72.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any

allegations to the extent they conflict with his medical records. The remaining allegations are denied.

73.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

74.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

75.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

76.   Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

77.   Without knowledge, therefore denied.

78.   Without knowledge, therefore denied.

79.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

80.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

81.    Mr. Huff's medical conditions and treatment he was provided will be documented in his medical records and Defendant's deny any allegations to the extent they conflict with his medical records. The remaining allegations are denied.

82.    Denied as to all parts.

## <u>Causes of Action</u>

**I.    Failure to Treat Pursuant to 42 U.S.C. § 1983 (Corizon, LLC)**

83.    No response necessary.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied as to all parts.

88.     Denied.

**II.     Failure to Treat Pursuant to 42 U.S.C. § 1983 (Daniel Cherry)**

89.     No response necessary.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied as to all parts.

94.     Denied.

95.     Denied.

**III.     Failure to Treat Pursuant to 42 U.S.C. § 1983 (Christine Nobles)**

96.     No response necessary.

97.     Denied.

98.     Denied.

99.     Denied.

100.   Denied as to all parts.

101.   Denied.

102.   Denied.

**IV.     Failure to Treat Pursuant to 42 U.S.C. § 1983 (Dr. Ho)**

103.   No response necessary.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied as to all parts.

108.   Denied.

109.   Denied.

## **Prayer for Relief**

The allegations of this paragraph are denied.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

All negligent or wrongful acts alleged in the Complaint are described as the conduct of an employee or agent of the Defendant, Corizon Health, Inc., The Complaint affirmatively describes such negligent or wrongful acts as outside the scope of the employment or agency.

## **SECOND AFFIRMATIVE DEFENSE**

These Defendants are entitled to set-off or reduction, pursuant to §768.76, Florida Statutes, in the amount of all benefits received by Plaintiff, or paid to another on behalf of the Plaintiff, from collateral sources.

## THIRD AFFIRMATIVE DEFENSE

These Defendants are entitled to the protection and benefits of §768.81, Florida Statutes. The Defendants request apportionment, as provided in the statute, of any damages that may be awarded Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Any damages suffered by Ryan Huff are a result of superseding, independent, or intervening causes or are the result of yet unknown causes over which Defendants had no control and for which Defendants are not responsible.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint of Ryan Huff fails to state a cause of action, and therefore should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

Ryan Huff was himself negligent, and or a voluntary, consensual participant in the incident described, and such negligence, voluntary participation, is the legal cause of the injuries complained of in whole or part.

## SEVENTH AFFIRMATIVE DEFENSE

These Defendants are entitled to the statutory caps provided under §766.118, Florida Statutes.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants are entitled to a set-off for reimbursement of medical expenses by establishment of a set-off lien pursuant to §951.032, Florida Statutes; or, alternatively, §901.35, Florida Statutes; or, alternatively, by establishment of a civil restitution lien pursuant to §960.293, et seq., Florida Statutes.

### NINTH AFFIRMATIVE DEFENSE

Any damages awardable to Ryan Huff under any claims brought pursuant to Florida Law are governed by the limitations found in Section §768.28, Florida Statutes.

### TENTH AFFIRMATIVE DEFENSE

This Complaint is not actionable pursuant to Title 42 U.S.C. §1983 in that any and all actions taken by these Defendants reflect, at worst, merely negligent activity and as such are not Constitutionally actionable.

### ELEVENTH  AFFIRMATIVE DEFENSE

Any injurious results about which Ryan Huff complains did not arise as a result of a custom, policy, or practice routinely in effect with the Defendants.  No history of widespread   abuse or any custom or policy, whether formal or informal, exists sufficient to put Defendants on notice of the potential for civil or Constitutional violations.

### TWELFTH AFFIRMATIVE DEFENSE

No causal connection exists between the actions of Defendants in the alleged deprivation of the Ryan Huff's civil or Constitutional rights.  No history of widespread abuse of any custom or policy, formal or informal, exists sufficient to put Defendants or a supervisory official on notice of the potential for civil or Constitutional violations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Because the employees involved did not violate any Constitutional rights, there can be no liability under Title 42 U.S.C. §1983 for Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants enjoy the benefit of the defense of sovereign immunity for any claims brought against them under Florida Law for any action involving the exercise of governmental discretion or that were not operational in nature.

## FIFTEENTH AFFIRMATIVE DEFENSE

A claim of inadequate training or supervision cannot be established against Defendants absent a finding of a Constitutional violation by the person being supervised.

## SIXTEENTH AFFIRMATIVE DEFENSE

Without notice of the need to train or supervise in a particular area, Defendants cannot be held liable as a matter of law for any failure to train and supervise their employees or agents.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any claim for negligence against these Defendants must be based on medical negligence under Florida Law as the allegations relate to the provision or lack of provision of medical care or treatment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants were acting within the scope and course of their employment under contract with the Florida Department of Corrections and were not violating clearly established law of which a reasonable medical professional would be aware.  Accordingly, Defendant is entitled to qualified immunity in its individual and collective capacity.

## NINETEENTH AFFIRMATIVE DEFENSE

A claim of inadequate training or supervision under 42 U.S.C. §1983 will not lie absent a showing of deliberate indifference by the supervisor or agency involved.

## TWENTIETH AFFIRMATIVE DEFENSE

Without a notice of the need to train or supervise in a particular area, these Defendants, in their official capacity, cannot be held liable as a matter of law for a failure to train and supervise.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Defendants have not promoted any policies or engaged in any practices or patterns of behavior which would have made the alleged incident(s) more likely to occur, or which condoned or approved of any alleged improper action taken against Ryan Huff by any employee or agent of the Defendant.

WHEREFORE, Defendants demand judgment in their favor, including an award of costs and attorney's fees as is appropriate, and demands trial by jury on all issues so triable.

Dated this 26th day of September, 2018.

*/s/ Jami M. Kimbrell*
Jami Kimbrell, Esq.
Brooks Law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, a true and correct copy of the foregoing has been provided to all counsel via CM/ECF this 26th day of September, 2018.

/s/ Jami M. Kimbrell
Jami M. Kimbrell, ESQUIRE
Florida Bar No.:  0657379
JMK@BrooksLawyers.net
Joseph E. Brooks
FBN: 0880752

20

JEB@BrooksLawyers.net
BROOKS LAW
2629 Mitcham Drive
Tallahassee, FL 32308
Tel: 850-201-0942
Fax: 850-201-0909
ATTORNEYS FOR Defendants